**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**HENRY MONTOYA ZELAYA,**

Petitioner,

v. Civil No. **3:26CV902 (RCY)**

**JEFFREY D. CRAWFORD, *et al.*,**

Respondents.

**MEMORANDUM OPINION**

This matter comes before the Court on Petitioner Henry Montoya Zelaya's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). In his Petition, Petitioner alleges that Respondents' application of 8 U.S.C. § 1226(a) governs his detention, and his detention without a bond hearing necessarily violates the statute and deprives him of the process attached to the statutory scheme. Pet. ¶¶ 34, 37. For the reasons set forth below, the Court will grant the Petition (ECF No. 1).

## I. BACKGROUND

Petitioner is a native and citizen of Honduras. Pet. ¶ 16. On September 15, 2003, Petitioner attempted to enter the United States but was stopped and detained by immigration authorities, who returned him to Mexico the same day, after only a few hours. *Id.* ¶ 16. Petitioner does not recall whether he was fingerprinted or issued documents, and he was not told that a formal removal or deportation order had been entered. *Id.* ¶ 17. On December 24, 2003, Petitioner entered the United States at or near Laredo, Texas, without admission or parole. *Id.* ¶ 18. Petitioner has remained in

the United States since that date. *Id.* On August 30, 2026, Respondents took Petitioner into custody. *Id.* ¶¶ 24, 29. He has been held without a bond hearing since that date. *Id.* ¶ 27.

Petitioner, through counsel, filed the instant Petition in this Court on September 7, 2026, accompanied by an Emergency Motion for Temporary Restraining Order ("TRO Motion"). ECF Nos. 1, 2. The Court granted Petitioner's TRO Motion on September 7, 2026. ECF No. 10.

On September 8, 2026, the Court issued a Memorandum Order directing that, on or before September 14, 2026, Respondents file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, Civil Case No. 3:25cv769 (E.D. Va. Feb. 3, 2026), ECF No. 19, or an Opposition or other responsive pleading. Order, ECF No. 12.

On September 10, 2026, the Fourth Circuit published an opinion holding "that Section 1226, not Section 1225, applies to noncitizens who . . . have been present in the United States for years regardless of how they entered our country." *Lopez Garcia v. Guadian*, 2026 WL 2661092, at *6 (4th Cir. Sept. 10, 2026).

On September 14, 2026, Respondents timely submitted their Notice responding to the Court's September 3, 2026 Order. (ECF No. 14 ("Notice")). Consistent with the Court's Order, Respondents recommended that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." *Id*. at 1. Respondents also noted that they "are currently analyzing the Fourth Circuit's opinion [in *Lopez Garcia*] to determine the effect it has on future petitions." *Id*. at 2.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective

jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The immediately dispositive question in the instant Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A). Respondents oppose the Petition by incorporating and relying on the arguments and rationale they advanced and which were rejected in *Ortega Miranda*, ECF No. 19. Specifically, it is Respondents' (incorporated) position that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions. *Ortega Miranda*, ECF No. 14 at 5–22.

Based on Respondents' representation that the facts of this case do not materially differ from those in *Ortega Miranda*, the Court finds that the Fourth Circuit's recent decision makes clear that, because Petitioner has been present in the United States since before his detention, and "Section 1226(a) properly governs the detention of noncitizens . . . present in the United States, regardless of how they came to be in our country," *Lopez Garcia*, 2026 WL 2661092, at *20, Petitioner's detention is governed by § 1226(a).

Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, during which an Immigration Judge must determine whether he poses a danger to the community and whether he constitutes a flight risk. 8 U.S.C. § 1226(a); 8

C.F.R. § 1236.1(d)(1). Unless an Immigration Judge renders such a determination, Petitioner's continued detention is unlawful.

## IV. CONCLUSION

For the above reasons, the Court will grant the Petition (ECF No. 1). An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 16, 2026
Richmond, Virginia